MCGREGOR W. SCOTT
United States Attorney
EDWARD B. STANDEFER
Designated Local Rule 180 Prosecutor
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorney for Defendant
JAMES B. MATTERN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. |
|---|---|
| | 5:18-MJ-00035 JLT |
| Plaintiff, | |
| | **PLEA AGREEMENT** |
| v. | |
| JAMES B. MATTERN, | |
| Defendant. | |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGregor W. Scott, the United States Attorney for the Eastern District of California, and Edward Standefer representing the United States pursuant to Local Rule 180, and Defendant James B. Mattern and his attorney Matt Lemke, have agreed as follows:

Defendant, James B. Mattern, will plead guilty to the a violation of 36 C.F.R. § 5.3 as alleged in a criminal complaint dated May 21, 2018, and be sentenced as follows: 12 months of unsupervised probation; and a special assessment of $30.00; a

1

$1,000.00 fine. As a condition of the defendant's probation, he will be ordered to cease operation of his "Death Valley Jim" website, on his own behalf or through third parties. As another condition of probation, Mr. Mattern will be ordered to not be present in Death Valley National Park, Joshua Tree National Park, and Mojave National Park and Preserve while on probation. With this agreement, the Government agrees to not seek additional charges arising out of Mr. Mattern's conduct as an unpermitted tour guide within the National Park System, waive any mandatory appearance, and consider this matter settled.

This Plea Agreement is limited to the United States Attorney's Office for the Eastern and Central District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

I. **Agreements by the Defendant.**

A. The Defendant agrees that this Plea Agreement shall be filed with the Court and become a part of the record of the case.

B. The Defendant agrees to enter a plea of guilty to Count 1 of the complaint, dated May 21, 2018.

C. The Defendant acknowledges that his plea of guilty is voluntary and that no force, threats, promises, or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this Plea Agreement, to induce the Defendant to plead guilty.

D. Defendant agrees to 1) pay a $30.00 special assessment; 2) pay a $1,000.00 fine; and 3) As a condition of probation, cease any and all control over (by himself or through third parties) or interaction with the "Death Valley Jim" website (Mr. Mattern has

2

informed the government that an unknown party is currently in
control of the site); and 4) As a special condition of probation,
Mr. Mattern agrees to stay away from Death Valley National Park,
Joshua Tree National Park, and Mojave National Park and Preserve
while on probation.  Fine to be paid in full by October 30, 2020.
Additionally, the defendant agrees to serve a term of twelve (12)
months of unsupervised probation, with conditions to include:
paying any fine ordered by the court and the mandatory condition
to obey all laws.  The term "obey all laws" as used herein means
all federal, state and local laws.  An offense that can be
charged only as an infraction will not be considered a "violation
of the law" within the meaning of this agreement.

   E.  Should the Defendant not be a citizen of the United
States, the Defendant hereby acknowledges that adverse
immigration consequences, including but not limited to removal
from the United States, exclusion from admission into the United
States, and/or denial of naturalization in the United States, may
result from his plea.

   **II.  Agreements by the Government.**

   A.  With respect to the criminal complaint, dated May 21,
2018, the Government agrees to recommend the sentence set forth
above.

   B.  The Government agrees not to bring additional charges
for violations of 36 C.F.R. Section 5.3, or any other regulation
or law that prohibits unlicensed business operation in the
National Parks System for conduct occurring prior to May 21, 2018
in Death Valley National Park, Joshua Tree National Park, and
Mojave National Park and Preserve, as long as the defendant

3

1 complies with the terms of this Plea Agreement.

2    C. The Government agrees to waive any mandatory appearance

3 requirement for the Defendant upon execution of this agreement.

4    **III. Nature, Elements, and Possible Defenses.**

5    The Defendant has read the charges against him contained in

6 the criminal complaint and those charges have been fully

7 explained to him by his attorney. Further, the Defendant fully

8 understands the nature and elements of the crime in the citation

9 to which he is pleading guilty, together with the possible

10 defenses thereto, and has discussed them with his attorney.

11    **IV. Factual Basis.**

12    The Defendant concedes that he will plead, and is pleading,

13 guilty to Count 1 set forth in the criminal complaint, dated May

14 21, 2018, because he is, in fact, guilty of that offense. The

15 Defendant also agrees that the following are the true and correct

16 facts of this case: on April 30, 2016, Mr. James B. Mattern

17 received payment for a guided tour of multiple archeological

18 sites within Death Valley National Park. Mr. Mattern did not

19 have a permit to operate this tour nor did he have an agreement

20 with the United States to operate a business within Death Valley

21 National Park.

22    **V. Waiver of Rights.**

23    The Defendant understands that by pleading guilty he

24 surrenders certain rights, including the following:

25    A. If the Defendant persisted in a plea of not guilty to

26 the charges against him, he would have the right to a public and

27 speedy trial by a judge.

28    B. The jury would find the facts and determine, after

4

hearing all the evidence, whether or not the jury was persuaded of the Defendant's guilt beyond a reasonable doubt.

C. At a trial, the Government would be required to present its witnesses and other evidence against the Defendant, and prove each element of the charge against the Defendant beyond a reasonable doubt. The Defendant would be able to confront those Government witnesses and his attorney would be able to cross-examine them. In turn, the Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the Defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, an attorney would be appointed for him by the Court at no expense to him.

D. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify. The Defendant understands that by pleading guilty he is waiving all of the rights set forth above, and acknowledges that his attorney has explained to him those rights and the consequences of his waiver of those rights.

**VI. Entire Agreement.**

This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of any promises apart from those specifically set forth in this Plea Agreement. This written agreement sets forth all of the terms of the agreement and is enforceable only as to the terms set forth herein.

Respectfully Submitted,

MCGREGOR SCOTT
United States Attorney

DATED: 11-13-2019

_Edward Standefer_
EDWARD STANDEFER
Special Assistant U.S. Attorney

DATED: 11-8-2019

_Matthew Lemke_
MATTHEW LEMKE
Assistant Federal Defender
Counsel for Defendant

DATED: 10/7/19

_James B. Mattern_
JAMES B. MATTERN
Defendant

IT IS SO ORDERED.

Dated:  November 26, 2019

_Jennifer L. Thurston_
Jennifer L. Thurston
U.S. MAGISTRATE JUDGE